PERKINS v. DOUGLASS.

1. NOTICE OF APPEAL—RECORD.—There is no statute or rule of law which requires, as an essential prerequisite to the hearing of an appeal from the judgment of a trial justice, that the notice and grounds of appeal, or the evidence of the service thereof, should be in the record when the case is called for trial.

2. IBID.—IBID.—RETURN.—The notice and grounds of appeal are not a part of the return which, by section 362 of the Code, a trial justice is required to file in the Circuit Court upon appeal from his judgment.

3. AN APPEAL from a trial justice should not be dismissed for mere technical defects which do not affect the merits.

4. APPEAL—PROOF OF SERVICE.— A Circuit Judge having before him evidence of the service of the notice and grounds of appeal from a trial justice judgment *aliunde* the record, erred in dismissing the appeal because such evidence was not in the record when called for trial.

Before TOWNSEND, J., Chesterfield, February 12, 1895. Reversed.

Action by M. A. Perkins against D. Preston Douglass, for possession of personal property, commenced December 12, 1894, in Trial Justice Court. Judgment for plaintiff. Defendant appeals.

*Mr. E. J. Kennedy,* for appellant.

*Messrs. Pollock & Pollock,* contra.

March 9, 1896. The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER. This action was commenced in the Trial Justice Court, and the plaintiff obtained judgment on the 31st of December, 1894. From this judgment defendant gave due notice of appeal, and served the same on the plaintiff on the 1st day of January, 1895. A similar notice was duly served upon the trial justice, a copy of which was in the record returned to the Circuit Court by the trial justice. This appeal was heard by his honor, Judge Townsend, at the February term of the court for Chesterfield County, in 1895, whereupon the following order was made: "Whereas, upon examination of the record in the

above stated case, it appears that it was filed with the clerk of the Court of Common Pleas and General Sessions on the 7th. day of January, A. D. 1895, and that no evidence of the service of the notice and grounds of appeal upon the respondent, M. A. Perkins, appears in said record at the time said appeal was called for trial, but that an affidavit was filed on the 13th. day of February, A. D. 1895, after the said case had been called for trial, tending to show that the said notice and grounds of appeal were served upon the respondent. Now, on motion of Pollock & Pollock, attorneys for respondent, it is ordered, adjudged, and decreed, that the appeal herein be dismissed on the ground that the record shows no service of notice and grounds of appeal."

From this order and judgment defendant gave due notice of appeal to this court, upon the several grounds set out in the record, which really makes the single question whether there was error in dismissing the appeal from the judgment of the trial justice, simply because the notice of intention to appeal and the grounds thereof were not filed with the record when the case was called for trial.

If there is any statute or rule of law which requires, as an essential prerequisite to the hearing of an appeal from the judgment of the trial justice, that the notice and grounds of appeal shall be *filed* with the record when the case is called for trial, it has not been brought to our attention. Sec. 358 of the Code provides that the appeal from a judgment of a trial justice shall be to the Circuit Court of the county wherein the judgment was rendered. Sec. 359 provides that the notice of appeal, with the grounds thereof, shall be served within five days after judgment. Sec. 360 provides that such notice and grounds shall be served on the trial justice personally and upon the attorney for the respondent or on the respondent. Sec. 362 provides that "the court below shall thereupon, after ten days and within thirty days after the service of the notice of appeal, make a return to the appellate court of the testimony, proceedings, and judgment, and file the same in the appellate

court." Not a word requiring *the notice and grounds of appeal* to be embraced in the return; but on the contrary the statute explains what is meant by the return required, to wit: "*the testimony, proceedings, and judgment,*" which, of course, meant the proceedings *in the court below,* and did not embrace the notice and grounds of appeal, which followed, and were not a part of the proceedings *in the court below.* Sec. 364 provides that if the return be defective, the appellate court may direct a further or amended return. And finally sec. 368 provides that, "Upon hearing appeal, the appellate court shall give judgment *according to the justice of the case, without regard to technical errors and defects which do not affect the merits*" [italics ours]. From this brief review of the statutory provisions with respect to appeals from the judgments of trial justices, two things are apparent: 1st. That there is no provision requiring that evidence of the service of notice and grounds of appeal must be filed with the record constituting the return required.

2d. Even if there was such a requirement, it is very manifest in this case that the omission was purely a technical error or defect which the statute expressly requires the appellate court to disregard, as it certainly did not affect the merits, for the order appealed from shows on its face that, at the time judgment was rendered dismissing the appeal upon the purely technical defect (if a defect at all), the appellate court had before it conclusive evidence that the notice and grounds of appeal had been duly served; and besides, as appears in the "Case," the copy of the notice and grounds of appeal for the trial justice was in the record as returned by the trial justice.

It seems to us clear, that the Circuit Court, having before it, at the time judgment was rendered, evidence that due notice of appeal from the judgment of the trial justice had been given, erred in dismissing such appeal simply because the return sent up by the trial justice contained no evidence, at the time the case was called for trial, that the notice and grounds of appeal had been served

upon the respondent, although an affidavit showing such service was filed after the case was called for trial, and before judgment dismissing the appeal rendered.

The judgment of this court is, that the order and judgment appealed from be reversed, and the case be remanded to the Circuit Court for Chesterfield County for a hearing upon the merits.