LYNAH v. HEYWARD.

MAGISTRATE—RETURN—DISCRETION.—UPON APPEAL from magistrate it
is discretionary with Circuit Judge whether he will require the
magistrate to file a further or amended return.

Before TOWNSEND, J., Beaufort, September, 1899. Affirmed.

Action by Edward Lynah against A. H. Heyward for impounding cattle. From order Circuit Court affirming magistrate's judgment, defendant appeals.

*Mr. W. S. Tillinghast,* for appellant, cites: Code, 363.

*Mr. W. J. Verdier,* contra, cites: Code, 362, 364, 396.

March 14, 1900.   The opinion of the Court was de-
livered by

MR. JUSTICE GARY.   This was an action before a magis-
trate for damages for impounding cattle.   His Honor,
Judge Klugh, signed the following order: "The magistrate
refused to send up the case on appeal to the Circuit Court,
and the following order was obtained: It appearing that due
service of the notice of appeal was served on plaintiff's at-
torney, and notice of appeal served on W. N. Barnes, the
magistrate, who tried the case, by mail; and it further ap-
pearing that the magistrate has acknowledged the receipt of
said notice, and that plaintiff's attorney, under an agreement
made previous to trial, makes no objection to the sufficiency
of the notice of appeal on the magistrate, or to the hearing
of the appeal, and the magistrate refusing to make the
return and file the appeal papers herein, ordered, that W. N.
Barnes, magistrate for said county and State, do within a
reasonable time from the service of a copy of this order on
him, to wit: at least eight days before the next regular term
of this Court, file in the office of the clerk of this Court the
appeal papers required by law, in order that the said appeal
be heard; and it is further ordered, that the clerk of this
Court do forthwith furnish a copy of this order to the sheriff
of said county and State, and that the sheriff serve same
on said magistrate within ten days time from the delivery to
him of such copy."   The following was sent up by the
magistrate with the papers: "Return of the magistrate to
send up the appeal: The order of the Circuit Judge directing
that the papers in the above entitled case be sent to the clerk
of the Circuit Court is complied with, the papers being
hereto attached.   The judgment of the Court below is that
the right of the appellant to have his case reviewed by the
appellate Court was lost by non-compliance with section 360
of the Code of Civil Procedure, which prescribes that the
notice of appeal must be within the same time served on the
trial justice personally, if living in the county, or on his
clerk, if there be one, by leaving it at his residence with some

person of suitable age and discretion.   This was not done, the service was made on the justice by mail, a mode not provided by law.   The agreements of counsel affect themselves only, they cannot waive for a court of law the requirements of statute that effectuate an appeal by consent of counsel; both cases when tried as one amount claimed $47.50.   Jury found for plaintiff $35.00 and cost of Court.   Papers marked exhibits A and B were put in as evidence at trial. W. N. Barnes, (L. S.) Magistrate."

The case on appeal to the Circuit Court was heard by Judge D. A. Townsend, who made the following order: "Upon the call of this case for hearing, the appellant moved to send the record back to the magistrate for the purpose of making it complete by including the magistrate's report. This motion was opposed by the respondent.   It appears that at the last term of the Court an order in this case had been made requiring the magistrate to send up the record; the motion was refused, and the case heard upon the record as sent up, there not being any report of the magistrate upon the case.   The exceptions of the appellant were duly considered and overruled, after hearing read the testimony and considering same, and hearing Messrs. Elliott & Elliott for the appellant, in place, by request, of Mr. Tillinghast, and Mr. Verdier for the respondent, ordered, that the appeal herein be and the same is hereby overruled, and the judgment of the magistrate's court confirmed."

The appellant's first exception is as follows: "1. Because his Honor, the presiding Judge, erred in not sending the case to the magistrate who tried it, for the purpose of having the report of the magistrate attached, it being impossible to hear the case with justice to the defendant, without having the magistrate report upon requests to charge by defendant. The presiding Judge should have required the magistrate to have obeyed the previous order of the Court."   Sections 362 and 364 of the Code are as follows: 362. "The Court below shall thereupon, after ten days and within thirty days after service of the notice of appeal, make a return to the

Appellate 'Court of the testimony, proceedings and judgment, and file the same in the Appellate 'Court. The return may be compelled 'by attachment. 364. If the return 'be defective, the Appellate 'Court may direct a further or amended return as often as may 'be necessary, and' may compel a compliance with its order 'by attachment. And the Court shall always 'be deemed open for these purposes." The record does not show that the magistrate failed to make a return as to any proceedings in the case. But, apart from this fact, after the magistrate made a return, which was done in this case, it was discretionary with the Circuit Judge, whether he would order a further or amended return. His Honor, Judge Klugh, did not order the magistrate to make a *report,* as seems to be contended, but to file "the appeal papers, required 'by law." The exception raising this question is overruled.

The appellant's attorney, in 'his argument, admits that it will be impossible to argue the other exceptions without a further or amended return.

It is the judgment of this Court, that the order of the Circuit Court be affirmed.