513 S.E.2d 120

**Glennis CHAPMAN, Appellant,**

v.

**COMPUTERS, PARTS & REPAIRS, INC., Respondent.**

**No. 2945.**

Court of Appeals of South Carolina.

Submitted Feb. 9, 1999.

Decided Feb. 16, 1999.

Rodney F. Pillsbury, of Greenville, for appellant.

Robert C. Wilson, Jr., of Greenville, for respondent.

PER CURIAM:

This case involves an appeal from the magistrate's court to the circuit court. The circuit court remanded the case for a new trial because the magistrate failed to submit a proper return for the appeal. We hold the circuit court erred in ordering a new trial. The appropriate remedy was for the court to request an amended return from the magistrate pursuant to S.C.Code Ann. § 18–7–80 (1985). Accordingly, we reverse and remand to the circuit court for further proceedings with the directive that it obtain an amended return from the magistrate.[1]

## FACTUAL/PROCEDURAL BACKGROUND

Glennis Chapman (Chapman) bought a computer from Computers, Parts & Repairs, Inc. (CPR) which CPR represented to be used. When Chapman later attempted to have repairs made by the manufacturer, he discovered the computer actually had been reported stolen. CPR refused to accept return of the computer or to refund his money. Chapman ultimately surrendered the computer to law enforcement personnel. Because the computer was not functioning properly and he could not obtain repair service, Chapman was unable to retrieve his data from the computer. Chapman brought this action in magistrate's court against CPR, asserting claims for (1) breach of contract; (2) breach of express and implied warran-

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

ties; (3) fraud, constructive fraud, and negligent misrepresentation; and (4) unfair trade practices.

The jury returned a verdict of $4,709.25 in favor of Chapman and found CPR had violated the unfair trade practices act. The magistrate amended the award to $5,000, the limit of the court's jurisdiction, to include an award of attorney's fees and costs under the unfair trade practices act.

CPR appealed to the circuit court on November 28, 1997. On January 20, 1998, the circuit court sent a memorandum to the magistrate requesting a return for the appeal. The magistrate provided the following return on January 22, 1998:

THIS CAME TO MY COURT AS A SUMMONS AND COMPLAINT. A JURY TRIAL WAS HELD ON NOVEMBER 19, 1997. THE JURY FOUND FOR THE PLAINTIFF IN THE AMOUNT OF $4,709.25. NOTICE OF APPEAL WAS FILED NOVEMBER 28, 1997.

APPEALING PARTY FAILED TO HAVE TAPES TRANSCRIBED.

On March 25, 1998, the circuit court sua sponte signed an order remanding the case for a new trial, finding the magistrate had failed to submit a proper return. Chapman moved for reconsideration on April 9th, arguing the ordering of a new trial created a substantial hardship and was unjust because he no longer resides in South Carolina and the material witnesses who testified in the previous trial are unavailable. He asserted the magistrate had now submitted all of the necessary paperwork, and asked that the appeal be allowed to proceed on the merits. The circuit court denied the motion for reconsideration. Chapman appeals.[2]

## ISSUE

Did the circuit court err by sua sponte remanding the case for a new trial based on its finding the return was inadequate instead of requesting an amended return from the magistrate?

2. CPR did not file a Respondent's Brief. *See* Rule 207(a)(4), SCACR ("Upon the failure of respondent to timely file a brief, the appellate court may take such action as it deems proper.").

## LAW/ANALYSIS

■ Chapman contends the circuit court erred in remanding the case for a new trial instead of seeking an amended return from the magistrate. We agree.

Within thirty days after service of the notice of appeal, the magistrate must "make a return to the appellate court of the testimony, proceedings and judgment and file it in the appellate court." S.C.Code Ann. § 18–7–60 (1985).

■ When the return provided is inadequate, the appropriate remedy is for the circuit court to direct the magistrate to file an amended return:

If the return be defective the appellate court may direct a further or amended return *as often as may be necessary* and may compel a compliance with its order. And the court shall always be deemed open for this purpose.

S.C.Code Ann. § 18–7–80 (1985) (emphasis added).

The circuit court stated in its order denying reconsideration that "this magistrate was reminded in writing of his obligation under § 18–7–60. The repeated efforts of the Court to gain compliance have been unsuccessful." However, there is no evidence in the record on appeal to support this statement. The only item in the record indicating the magistrate was contacted is the memorandum dated January 20, 1998, in which the circuit court asked for a return. The magistrate responded to this request on January 22nd.

The record does, however, contain an affidavit from the magistrate dated May 21, 1998 outlining his handling of the appeal and averring he was never notified the return was inadequate. The magistrate stated that after CPR filed its notice of appeal, it never obtained the audiotapes of the trial proceedings in order to generate a trial transcript. The magistrate acknowledged receiving the January 20th memorandum from the circuit court requesting a return. He asserted, "Immediately thereafter, on January 22, 1998, I submitted a Return based on the information that I had available at that time. I explained to the Court that I had not provided a summation of the witnesses' testimony because the appealing party has failed to have the tapes transcribed." The magistrate stated "this office did not receive any response to the

Return until the case was remanded for a new trial on the basis of failing to submit a proper Return on or about March 25, 1998."

The thrust of the order of the circuit court is to place the onus and burden on the parties to comply with § 18–7–80. This procedure flies in the face of the statutory mandate. The statute requires *the court* to "direct a further or amended return *as often as may be necessary* and may compel a compliance with its order." (Emphasis added.) Apodictically, the duty under the statute is a *court duty.* The remand by the circuit court for a new trial is in violation of § 18–7–80. We reject the shift of responsibility under this statute from the court to the parties. Additionally, the efficacy of the ruling by the circuit court in this case is to reward the delinquent party and to punish the party prevailing in magistrate's court.

The filing of an amended return is a long-standing remedy available in these circumstances. In *Perkins v. Douglas,* 46 S.C. 6, 24 S.E. 42 (1896), our supreme court held an appeal from a "trial justice" to the circuit court should not be dismissed for mere technical defects. It concluded the circuit court erred in dismissing an appeal where the return sent up by the "trial justice" contained no evidence that the notice and grounds of appeal had been served upon the respondent. Our supreme court relied upon, among other things, the forerunner to § 18–7–80 (designated then as § 364). The court stated, "Section 364 provides that, if the return be defective, the appellate court may direct a further or amended return." *Id.* at 8, 24 S.E. at 43.

Similarly, in the case now before us, we hold the circuit court should have sought an amended return pursuant to § 18–7–80 instead of remanding the matter for a new trial. The circuit court's statement that it had unsuccessfully sought a return is not evidenced in the record on appeal, which contains only the circuit court's initial request for a return. In contrast, there is evidence in the record, based on the magistrate's affidavit, that the magistrate was not notified the return was inadequate.

## CONCLUSION

Reversed and remanded to the circuit court to receive an amended return from the magistrate. The amended return may be obtained by an order of the circuit court or a writ of mandamus. After receiving the amended return, the circuit court shall decide the appeal on the merits.

**REVERSED AND REMANDED.**

CURETON, ANDERSON, and HOWARD, JJ., concur.