THIS OPINION HAS NO 
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY 
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Auto Pro of Goose Creek,       
Respondent,
 
 
 

v.

 
 
 
Thomas Barnes,       
Thomas Barnes,
 
 
 

Appeal From Berkeley County
R. Markley Dennis, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-532
Submitted October 1, 2004  Filed October 
 20, 2004

AFFIRMED

 
 
 
Thomas J. Barnes, of Goose Creek, pro se Appellant.
Walter Bilbro, Jr., of Charleston, for Respondent.
 
 
 

PER CURIAM:  Thomas J. Barnes appeals from 
 the circuit courts order that affirmed the magistrates sale of Barness vehicle 
 to satisfy a mechanics lien held by Auto Pro of Goose Creek.  We affirm. 
 [1] 
FACTS
Barnes experienced mechanical problems with his 
 1995 Cadillac and took it to Auto Pro.  Auto Pros invoice dated January 8, 
 2001 lists various items needing repair at a total cost of $3,747.65.  The invoice 
 states a fee of $15 per day would be charged if the vehicle was not picked up 
 within five days of notice of completion.  Barness signature appears underneath 
 a preprinted statement on the form indicating that he authorized the repairs.  

After Barnes did not pay the repair bill, Auto 
 Pro sent Barnes a Notice of Unclaimed Vehicle [2] advising him that it would apply for a magistrates 
 sale if he did not pay the amount of repair and storage costs due within thirty 
 days.  The notice also advised Barnes of his right to seek a hearing within 
 thirty days if he wished to contest the matter.  
When Barnes made no request for a hearing, Auto 
 Pro applied to the magistrate for a public sale of the vehicle to satisfy its 
 lien for repair and storage costs pursuant to S.C. Code Ann. § 29-15-10 (1991). 
 [3]   
The magistrate ordered the vehicle to be sold at 
 a public auction to satisfy the lien.  The public sale took place on June 26, 
 2001, but no one appeared on behalf of Barnes.  The magistrate ordered the sale 
 of the vehicle to Auto Pro for a stated sales price of $25 in satisfaction of 
 the lien.  
Barnes appealed to the circuit 
 court, enumerating eleven issues in his notice of appeal.  At the hearing on 
 the appeal, Barness attorney argued two issues:  (1) whether the magistrates 
 return was defective, and (2) whether Barnes was entitled to a remand to the 
 magistrate because his alleged prior attorney did not receive notice of the 
 proceedings in the magistrates court and failed to appear.  At the end of the 
 hearing, the circuit court concluded the return was sufficient and Barnes had 
 proper notice of the magistrates court proceedings.  The circuit court subsequently 
 filed a form order affirming the appeal.    
LAW/ANALYSIS
Barnes has filed a pro se 
 brief listing twenty-three alleged errors in his Statement of Issues for this 
 Courts consideration.  The argument on these issues has been grouped under 
 several headings in the body of his brief.
Initially, we note that, as a reviewing 
 court sitting in an appellate capacity, we may properly consider only those 
 issues that were raised to and ruled upon by the circuit court.  See, e.g., 
 Harris v. Bennett, 332 S.C. 238, 245, 503 S.E.2d 782, 786 (Ct. App. 1998) 
 (As a general rule, an issue may not be raised for the first time on appeal, 
 but must have been raised to and ruled upon by the court below to be preserved 
 for appellate review.).  
I.
Barness first argument to the circuit 
 court was that the magistrates return was defective.  Although Barnes does 
 not separately articulate this issue in his brief, we construe his arguments 
 broadly because he is pro se and Auto Pro specifically addresses 
 the issue in its Respondents Brief.  Cf. Greer v. McFadden, 295 
 S.C. 14, 366 S.E.2d 263 (Ct. App. 1988) (stating a point raised by a pro 
 se appellant would be considered, even though it was not a properly framed 
 exception, where it was reasonably clear to the court and the issue was addressed 
 by the adverse party).
During the circuit court hearing, Barnes 
 contended the magistrates return was defective because the magistrate did not 
 specify all of the evidence that was considered and he did not know what the 
 magistrate had reviewed in reaching a decision.  
The circuit court ruled the return was adequate 
 in conjunction with the other documentation provided by the magistrate as contained 
 in the magistrates file that was before it on appeal.    
Section 18-7-60 of the South Carolina Code provides 
 a magistrate shall . . . make a return to the appellate court of the testimony, 
 proceedings and judgment and file it in the appellate court.  S.C. Code Ann. 
 § 18-7-60 (1985).  If the circuit court believes the return is defective, it 
 can direct the magistrate to file an amended return.  Id. § 18-7-80.  
 When the magistrate has submitted a return, it is left to the circuit courts 
 discretion whether or not to order an amended return.  Lynch v. Heyward, 
 56 S.C. 562, 35 S.E. 220 (1900) (citing predecessor statutes to section 18-7-80). 

In this case, the magistrates return 
 stated in pertinent part:

Auto Pro of Goose Creek filed a Public Sale on June 11, 2001 
 for storage and repair for the amount of 6382.65.  All appropriate steps in 
 the documentation submitted to [the] court on behalf of Auto Pro was correct, 
 and all procedures were followed legally in obtaining the Magistrates Bill 
 of Sale.
The public sale took place on June 26, 2001, and no one appeared 
 for or on the behalf of Thomas Barnes.  This court received no letter of representation 
 from any attorneys representing the defendant, nor was any attached to Auto 
 Pro of Goose Creeks paperwork.
Therefore, considering that all of the procedures were followed 
 correctly and by the statute, this court issued a Bill of Sale on 07-03-2001 
 giving title of the 1995 Cadillac, serial number 1G6KF52Y9SU264548, to Auto 
 Pro of Goose Creek[.]
This court handled everything in the utmost judicial manner.  

We agree with the circuit courts ruling that the 
 magistrates return was sufficient when considered with all of the documents 
 submitted by the magistrate as part of that courts file.  Among the documents 
 constituting the magistrates file was a copy of Auto Pros invoice, a Notice 
 of Unclaimed Vehicle, a certified return receipt, the magistrates notice of 
 sale, and the magistrates order of sale.  We note this was not a full-blown 
 trial in the magistrates court; rather, it was a summary proceeding on a mechanics 
 lien under section 29-15-10.  Under these circumstances, we find the return 
 was adequate.
II.
The second issue Barnes raised on appeal to the 
 circuit court was his contention that he was entitled to a remand to the magistrate 
 for a new proceeding with an attorney present.  Barness appellate counsel advised 
 the circuit court, [W]ed ask this Court to remand this back so that Mr. Barnes 
 can be represented by counsel . . . on the grounds that, you know, he did think 
 he had an attorney present but who didnt show up.  Thats being taken care 
 of, I believe, in another forum by Mr. Barnes.  
Counsel for Auto Pro advised the circuit court 
 that, after Auto Pro sent a certified letter to Barnes requesting payment and 
 informing him that storage charges would be incurred, Auto Pros owner received 
 a telephone call in mid-March 2001 from Kevin Kearse, an attorney, who said 
 he was calling just as a friend of Barnes to see what could be done to resolve 
 the matter.  Auto Pros owner told Kearse that Barnes could just come down and 
 pay the amount due.  After Barnes made no payment, Auto Pro sent Barnes a Notice 
 of Unclaimed Vehicle on April 13, 2001, informing him that if payment was not 
 made, it would request that the vehicle be sold in a magistrates sale, but 
 that he had thirty days to request a hearing on the matter.  Counsel for Auto 
 Pro noted a certified receipt signed by Barnes on April 17, 2001 indicated Barnes 
 had received this notice.  Auto Pro thereafter served notice on Barnes of this 
 litigation.  Auto Pros counsel stated he never received any notice of representation 
 from Mr. Kearse.  Further, no request for a hearing was ever made by Barnes 
 or any attorney on behalf of Barnes.  
In response, Barness appellate counsel argued, 
 Whether he said he was just calling as a friend or not, Mr. Barnes, I think, 
 was justified in relying on -- its evident that he had an attorney to speak 
 on his behalf.  That attorney failed to show up, and thats one of the reasons 
 we ask that this be remanded.  
After considering the foregoing, the circuit court 
 ruled as follows:  I understand the problem and the fact that you [Barnes] 
 werent present.  However, there is nothing to suggest that notice wasnt properly 
 given of it, and that you had an opportunity to be present but for whatever 
 reason were not.  
We find no error in the circuit courts ruling 
 in this regard.  The magistrate stated in his return that the court [had] received 
 no letter of representation from any attorneys representing [Barnes], nor was 
 any attached to Auto Pro of Goose Creeks paperwork.  Further, Kearse apparently 
 never represented himself to be Barness attorney and did not put in an appearance 
 on his behalf, and Barnes presented no documentation to the circuit court that 
 Kearse was, in fact, ever his attorney of record.  Accordingly, we conclude 
 Auto Pro was not required to serve Kearse with notice and Barnes is not entitled 
 to a remand for new proceedings.  See generally Culbertson v. Clemens, 
 322 S.C. 20, 471 S.E.2d 163 (1996) (noting it is important to the parties and 
 the court that the correct attorneys are listed as the attorneys of record and 
 stating any changes should be noticed to the court under Rule 11(b), SCRCP).  
 Moreover, the fact that Barnes believed an attorney would be present does not 
 invalidate any notice that was sent to him.    
To the extent Barnes further argues to this Court 
 that he personally was never given notice of the magistrates court proceedings, 
 we find this issue is not preserved as he did not argue this point to the circuit 
 court.  Barnes did not dispute at the circuit court hearing that he had received 
 notice; rather, he only argued that he was not present at the magistrates court 
 proceedings because he thought he had an attorney who would be present to represent 
 him.  See Harris, 322 S.C. at 245, 503 S.E.2d at 786 (stating 
 an issue must be raised to and ruled on by the court below to be preserved for 
 further review).  
III.
Lastly, Barnes raises several arguments concerning 
 the circuit courts conduct in holding a hearing to determine which documents 
 it considered in making its ruling.   
During the docketing of the appeal with this Court, 
 a dispute arose between the parties regarding which documents could be designated 
 for inclusion in the record on appeal.  We ordered a remand to the circuit court 
 for it to identify which documents it considered because only documents that 
 were presented to the circuit court could properly be included in the record 
 on appeal under the South Carolina Appellate Court Rules.  See Rule 210(c), 
 SCACR.
The circuit court thereafter held a hearing to 
 reconstruct which documents were submitted to it for the appeal, during which 
 it relied on a transcript of the proceedings, as well as input from the parties.  

Although Barnes now contends the circuit court 
 erred in conducting a hearing, we find no error in this regard.  The court merely 
 reconstructed the record since it did not have the original magistrates court 
 file.  The court explained that the original magistrates court file could not 
 be located, but it had the clerks file containing copies of the documents that 
 were presented at the appeal.  The court stated the magistrates court apparently 
 had retained the original file and sent the circuit court a copy of its file 
 for the appeal.  
While Barnes stated at the hearing that he objected 
 to all of the records that are being spoke about today, he participated in 
 the document review without contemporaneously objecting to the manner of the 
 proceedings.  Further, most of his arguments to the circuit court concerned 
 the allegation that his attorney had been ineffective in failing to object to 
 the documents at the original hearing before the circuit court.  To the extent 
 Barnes additionally contends the documents were inappropriately considered by 
 the circuit court because they were submitted by counsel for Auto Pro, we find 
 the transcript refutes this assertion as the circuit court indicated the documents 
 it possessed did not come from the parties, but instead were previously supplied 
 by the magistrates court.     
AFFIRMED.
GOOLSBY, ANDERSON, and WILLIAMS, JJ., concur.

 
 
 [1]   We decide this case without oral argument pursuant to Rule 215, 
 SCACR.  We note the case caption has been amended to name Auto Pro of Goose 
 Creek as the first party since it instituted the original action as plaintiff 
 against the defendant Barnes.  This also corresponds to the caption on the 
 notice of appeal to the circuit court.  It appears the caption was inadvertently 
 reversed during the appeal to the circuit court.

 
 
 [2]   The typewritten date at the top of the Notice is May 4, 2001, but 
 during a hearing in this matter counsel for Auto Pro stated, without contradiction, 
 that the Notice was sent on April 13, 2001 and a certified return receipt 
 showed Barnes received it on April 17, 2001.  There is a certified return 
 receipt in the record with a date of either April 11 or April 17 (part of 
 the number overlaps a preprinted portion of the form).  

 
 
 [3]   Section 29-15-10 was amended after this case arose in 2001.  See 
 S.C. Code Ann. § 29-15-10 (Supp. 2003).  The amendment does not affect this 
 appeal.