THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The Gatherings Horizontal Property Regime, Respondent,
 
 
 

v.

 
 
 
 Bobby S. Williams, Appellant.
 
 
 

Appeal From Beaufort County
Curtis L. Coltrane, Master In Equity

Unpublished Opinion No. 2005-UP-617
Heard November 8, 2005  Filed December 8, 2005

REVERSED AND REMANDED

 
 
 
 Anthony E. Griffis and Sean Michael Bolchoz, both of Hilton Head Island, for Appellant.  
 Edward E. Bullard and Sonja Friedman, both of Hilton Head Island, for Respondent.
 
 
 

PER CURIAM:  Bobby S. Williams appeals the circuit courts order remanding this collection action to the magistrate for a new hearing because the transcription tape of the original hearing before the magistrate was destroyed.  We reverse and remand. 
FACTS
The Gatherings Horizontal Property Regime filed this action against Williams in magistrates court for past-due regime fees allegedly owed by the previous owner of Williams condominium, Audress Hill.  A concurrently pending action against Hill was dismissed with prejudice when Hill paid the fees.  The magistrate concluded any further attempt by The Gatherings to collect from Williams was barred by res judicata.  By order dated April 7, 2004, the magistrate accordingly dismissed The Gatherings action against Williams and awarded Williams an attorneys fee of $3,000.  The magistrate denied The Gatherings motion for reconsideration.  The Gatherings appealed the magistrates order to circuit court and served the magistrate.  
The Gatherings alleges it made numerous telephone calls to the magistrates office requesting the trial tape be retained.  When the tape was not made available, The Gatherings requested a hearing in circuit court.  The circuit court issued an order requiring the magistrate to certify the original record to the circuit court and to allow transcription of the tape.  
When the magistrate failed to comply with the transcription portion of the order, the circuit court issued an order requiring the magistrate to appear to show cause why he should not be held in contempt.  Prior to a hearing on the matter, the magistrate informed the circuit court that the hearing tape had been reused and was unavailable for transcription.  The magistrate asserts he reused the tape because he believed the time for filing a notice of appeal had expired.  The circuit court held a hearing on the issue of the magistrates contempt and sua sponte issued an order:  Because the tape . . . is no longer available, the Plaintiff is unable to complete the record on appeal, and therefore this case is remanded to the Magistrates court for a new trial.  Williams appeals.  
STANDARD OF REVIEW
Section 22-3-10 of the South Carolina Code gives concurrent jurisdiction to the circuit courts and to magistrates in contract actions.  S.C. Code Ann. § 22-3-10(1) (Supp. 2004).  Our code also provides that the circuit courts have appellate jurisdiction over cases initially heard by a magistrate.  S.C. Code Ann. §§ 14-5-340 (1977) & 18-7-170 (1985).  The circuit court, sitting in an appellate capacity, may reverse a judgment for errors of fact.  S.C. Code Ann. §§ 18-7-140 & -170 (1985); Vacation Time of Hilton Head Island, Inc. v. Kiwi Corp., 280 S.C. 232, 234, 312 S.E.2d 20, 21 (Ct. App. 1984).  Our scope of review, however, is more limited:  

 [T]he Court of Appeals will presume that an affirmance by a Circuit Court of a magistrates judgment was made upon the merits where the testimony is sufficient to sustain the judgment of the magistrate and there are no facts that show the affirmance was influenced by an error of law . . . .

Burns v. Wannamaker, 281 S.C. 352, 357, 315 S.E.2d 179, 182 (Ct. App. 1984), affd as modified on other grounds, 288 S.C. 398, 343 S.E.2d 27 (1985).  This court may reverse the circuit court if it was influenced by an error of law.  Id.  
LAW/ANALYSIS
Williams argues the circuit court erred by remanding the case for a new trial rather than requesting an amended return from the magistrate.  We agree.  Section 18-7-60 of the South Carolina Code applies to appeals from magistrates court and directs the magistrate, after ten days and within thirty days after service of the notice of appeal, [to] make a return to the appellate court of the testimony, proceedings and judgment and file it in the appellate court.  S.C. Code Ann. § 18-7-60 (1985).  
Section 18-7-80 supplies the remedy when the magistrates return is inadequate by providing:  If the return be defective the appellate court may direct a further or amended return as often as may be necessary and may compel a compliance with its order.  S.C. Code Ann. § 18-7-80 (1985).  Whether to direct a further amended return is discretionary with the circuit court.  Lynch v. Heyward, 56 S.C. 562, 565, 35 S.E. 220, 221 (1900). 
We find guidance from Chapman v. Computers, Parts & Repairs, 334 S.C. 387, 513 S.E.2d 120 (Ct. App. 1999).  In Chapman, the circuit court sua sponte reversed and remanded the action for a new trial based on the magistrates inadequate return.  Id. at 389, 513 S.E.2d at 121.  This court reversed and remanded finding the circuit court violated the terms of section 18-7-80.  Id. at 391-92, 513 S.E.2d at 122-23.  This court found the remand for a new trial effectively punished the party who prevailed in magistrates court, and that the circuit court should have sought an amended return instead of remanding the matter for a new trial.  Id. at 391, 513 S.E.2d at 122.
In criminal proceedings before a magistrate, the legislature has provided a right to a tape or transcription of testimony.  See S.C. Code Ann. § 22-3-790 (1989) (requiring testimony of witnesses in criminal action before a magistrate to be taken down in writing and signed by the witnesses unless waived).  However, there is no corresponding requirement in civil proceedings.  
We are, however, mindful of our supreme courts opinion in McKinley Music v. Glymph.  100 S.C. 200, 84 S.E. 715 (1915).  In Glymph, the supreme court addressed the issue of the magistrates failure to take down testimony.  The circuit court in Glymph ordered a new trial because the defendants testimony was not fully taken down.  Id. at 202, 84 S.E. at 716.  The supreme court affirmed, finding [a]n amended or further return by the magistrate would not have been effective to supply testimony which had not been taken down.  Id. 
The facts in this case are distinguishable from those in Glymph.  In Glymph, the court apparently needed a more detailed report of the proceeding prior to reviewing the case.  Here, it appears the material facts are undisputed and the case is primarily based on issues of law, not fact.  The applicable contracts and documents are included in the record.  The magistrates order is unambiguous and provides a comprehensive recitation of the proceeding.  In such a case, a transcription of the parties testimony appears less likely to be necessary to resolve the issues.  However, we leave it to the circuit courts discretion as to whether an amended return is required.  
CONCLUSION
After a review of relevant law, we find the circuit court erred in this case by reversing and remanding for a new trial on the ground stated.  We accordingly reverse and remand to the circuit court to receive an amended return from the magistrate, if necessary, and decide the appeal on its merits.[1]
REVERSED AND REMANDED.  
STILWELL, KITTREDGE, and WILLIAMS, JJ., concur.

[1] Based on our disposition, we decline to address Williams remaining issue on appeal.