## 9028

### McKINLEY MUSIC CO. v. GLYMPH.

#### (84 S. E. 715.)

APPEAL AND ERROR.   MAGISTRATE'S COURTS.   REVIEW. . ISSUES.   NEW TRIAL.   CONTRACTS.   FRAUD.   RECITALS.

1. APPEAL AND ERROR—REVIEW.—On appeal by plaintiff from order granting new trial, the Court will not inquire whether the order should have given judgment for the defendant, in the absence of an exception by latter raising that question.

2. APPEAL AND ERROR—RECORD—REVIEW.—Appeals from magistrate's and other inferior Courts are to be heard, under Code Civil Proc., section 397, upon all the papers in the case, including the testimony upon the trial taken down in writing and signed by the witnesses and certified to the appellate Court, under Code Civil Proc., section 401, and where the testimony has not been so taken down by the magistrate, an amended or further return, under Code Civil Proc., section 403, would not be effective to bring the missing testimony before the appellate Court, and a new trial *de novo* is necessary.

3. APPEAL AND ERROR—RESERVATION OF GROUNDS OF REVIEW—EXCEPTIONS.—Where, in an action commenced in a magistrate's Court on a written contract, defendant admitted, and the magistrate found, that defendant executed the contract, and defendant made no exception with respect thereto in the Circuit Court or in the Supreme Court, it would be assumed that the execution of the contract by both parties was not an issue below as against defendant's contention that there was no testimony to show that plaintiff ever signed the contract.

4. SALES—VALIDITY OF CONTRACT—FALSE REPRESENTATIONS.—Where a party, in executing a contract for the purchase of goods, relied on the deceptive representations of the seller's agent, leading him to believe that he alone was to sell such goods in his town, it did not matter that the contract stipulated the contrary, as the recitals of a contract fall to the ground when the party who drew it intended and used words to deceive the other party about its contents.

5. CONTRACTS—FRAUD—RECITALS.—The recitals of a written contract are ineffective, when inserted by the party who drew it, to deceive;

and the other party to the contract relied upon the deceptive utterance.

6. APPEAL AND ERROR—REVIEW—ISSUES—NEW TRIAL.—Where a consideration of all the testimony does not warrant the sole conclusion of a judgment for plaintiff, and the Circuit Court reviewing a case on appeal from a magistrate's Court is not satisfied to render a final judgment for either party upon the testimony before it, it may, under Code Civil Proc., section 407, order a new trial before the magistrate.

Before SEASE, J., Union, May, 1914.    Affirmed.

Appeal by McKinley Music Company, plaintiff, from order of Circuit Court granting a new trial before magistrate, on appeal from a judgment in favor of W. N. Glymph, trading as Glymph's Pharmacy, defendant. The facts are stated in the opinion.

*Mr. John K. Hamblin,* for appellant, submits: *Further return should have been required from magistrate:* 56 S. C. 562; 96 S. C. 284. *Plaintiff was entitled to directed verdict or judgment absolute, and order for new trial is appealable:* 92 S. C. 369; 91 S. C. 37; 91 S. C. 454; 77 S. C. 320. *Parol testimony incompetent to contradict terms of written contract:* 77 S. C. 187; 61 S. C. 166; 63 S. E. 406; 69 S. C. 93; 77 S. C. 92; 117 U. S. 531; 61 S. C. 166; 46 S. C. 229; 57 S. C. 61; 69 S. C. 91; 53 S. C. 35; 83 S. C. 206.

*Messrs. Young & Beatty,* for respondent.

March 13, 1915.

The opinion of the Court was delivered by MR JUSTICE GAGE.

The plaintiff sued defendant in a magistrate's Court to recover $61.39.

FOOTNOTE.—See *Wideman* v. *Patton,* 64 S. C. 408, 410, 42 S. E. 190, as to power of the Circuit Court to order a new trial before magistrate.

The suit is upon a long written instrument dated 20th September, 1912, and purporting to have been signed by both parties to this action. The thing for which defendant is alleged to have agreed to pay $61.39 is a "McKinley Edition Outfit;" but of what that consists it is hard to understand from the testimony.

The magistrate found for defendant; the plaintiff appealed to the Circuit Court; that Court ordered a new trial; the plaintiff appeals here from that order.

The Circuit Court's order was made upon two grounds: (1) Because the testimony for defendant was not "fully taken down;" (2) "and for other reasons."

There are six exceptions, but by appellant's own admission, only two issues; and they are (1) by section 403 of the Code of Civil Procedure the Court ought at most only to have directed a further or amended return, so as to show defendant's testimony; (2) the whole testimony warrants only one conclusion, and that is the plaintiff is entitled to judgment against the defendant for the sum claimed.

The defendant has not excepted to the order of the Circuit Court; nor did he except to the magistrate's judgment.

We may not, therefore, consider if that order should, under the testimony, have been a judgment absolutely for the defendant. The respondent has argued for so much.

The plaintiff's exceptions, therefore, need only be considered. They cannot be sustained. (1) An amended or further return by the magistrate would not have been effective to supply testimony which had not been "taken down." A new trial was ordered, amongst other things, to have that testimony taken down by the magistrate; and that though the defendant had the judgment below. There must be a trial *de novo* to have the defendant's testimony taken down.

(2) A consideration of all the testimony does not warrant the sole conclusion of a judgment for the plaintiff.

The suit was upon a reciprocal and special contract. The respondents contend here that there is no testimony tending to show plaintiff ever signed the contract. That is true. But the answer of defendant is an admission of the execution of the contract, and the magistrate found that "defendant admitted the execution of the contract." The respondent made no exception thereto on Circuit or here; and it must be assumed that the execution of the contract by both parties was not an issue below. But it was further contended by the defendant that the salesman, Max Bloom, had it in his heart and used words to deceive defendant into believing that the defendant alone was to sell the "McKinley Edition Outfit" in the town of Union, and that defendant was deceived to believe it.

If that be so, it matters little that the contract, in its fourth paragraph, stipulated exactly the contrary. The recitals of a· contract fall to the ground when the party who drew it had the intent, and used the words, to deceive the other party about the contents of the written contract, and the other party to it relied upon the deceptive utterance.

There was some testimony tending to support the defendant's contention; and if there be any, we may not ignore that contention.

The Circuit Court also granted the order for "other reasons" not specified.

The Court was manifestly not satisfied to render a final judgment for either party upon the testimony which was before the Court.

The testimony as presented here is far from satisfactory.

If the Circuit Court was unwilling to render a final judgment on the record · as presented the Court it was a just exercise of its power to order the case retried.

The judgment of the Circuit Court is affirmed.