0300

Thomas J. MARR, Respondent, v. Warren M. TESAURO, Charles S. Matthews, and Respiratory Protection Associates Corporation, d/b/a Respro Corp., Defendants, of whom Warren M. Tesauro is Appellant.

(322 S. E. (2d) 685)

Court of Appeals

*Henrietta U. Golding,* of *Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers, P.A.,* Myrtle Beach, *for appellant.*

*Edward T. Kelaher,* Surfside Beach, *for respondent.*

Submitted Sept. 25, 1984.

Decided Oct. 24, 1984.

CURETON, Judge:

This is an appeal of an order denying appellant Tesauro's motion to file an answer or otherwise plead to Marr's complaint. We affirm.

The facts are basically undisputed. Tesauro is a resident of Pennsylvania and a director of Respro Corporation. Marr's complaint alleges that Tesauro and another director of Respro conspired to induce him to invest $10,000 in the corporation by falsely representing to him that Respro held exclusive national distributorship rights and that they had invested large sums of their monies into the corporation. The complaint further alleges that these representations were made with the intent of defrauding him of his money.

Tesauro was served with process by mail in Pennsylvania. The return receipt from the certified letter shows delivery to

Tesauro on March 29, 1982.[1] The undated acceptance of service of the summons and complaint (which purports to bear Tesauro's signature) was filed with the Horry County Clerk of Court on April 23, 1982.

According to Tesauro's affidavit supporting his motion and some letters from a Pittsburgh hospital, Tesauro's wife, who suffered from cancer of the colon, was hospitalized in Pennsylvania on March 29, 1982, and released the following April 23. She died on May 18 and was buried May 20. His daughter, who suffers from anorexia, was also hospitalized in the same hospital March 10 through April 10, 1982.

Tesauro's affidavit further states in paragraph six that he "believes that the complaint was received in the mail; however, [he] does not remember if he or anyone else signed the certified envelope...." Paragraph seven states that "Tesauro did not discover the complaint until after his wife's death when he was going through her drawers...."

As a meritorious defense, Tesauro asserts that no misrepresentations were made to Marr; Marr actively sought participation in the corporation (a new venture), knew the risks, was privy to the handling of corporate funds and knew the business failed as a result of the economy.

The circuit judge found that the allegations of paragraph seven were directly contradicted by the signatures on the certified mail receipt and acceptance of service.

South Carolina Code Ann. Section 15-27-130 (1976) permits relief from judgment, order or other proceeding taken through a party's mistake, inadvertence, surprise or excusable neglect. The granting or denial of a motion pursuant to this code section is within the sound discretion of the trial court. *Ledford v. Pennsylvania Life Ins. Co.*, 267 S. C. 671, 230 S. E. (2d) 900 (1976). In *Em-Co Metal Products, Inc. v. Great Atlantic & Pacific Tea Co.*, 280 S. C. 107, 109, 311 S. E. (2d) 83, 85 (S. C. App. 1984) we said:

A motion pursuant to Section 15-27-130 ... is solely within the sound discretion of the trial court. (citation omitted). Judicial discretion in granting or refusing relief from a default should be exercised "in the same liberal

---

[1] Tesauro does not contend that the signatures on the certified receipt and acceptance of service are not his or were not authorized by him.

spirit in which [Section 15-27-130] was designed — in furtherance of justice and in order that cases may be tried and disposed of upon their merits." *Gaskins v. California Ins. Co.*, 195 S. C. 376, 379-80, 11 S. E. (2d) 436 (1940). In an appeal from an order of the circuit court relieving a party from a default, the Court of Appeals possesses no power to substitute its own judgment for that of the circuit court. *Cf. Bishop v. Jacobs*, 108 S. C. 49, 93 S. E. 243 (1917). The decision of the lower court will not be disturbed on appeal absent a clear showing that the lower court abused its discretion in relieving a default. *Renney v. Dobbs House, Inc.*, 275 S. C. 562, 274 S. E. (2d) 290 (1981); *Stewart v. Floyd*, 274 S. C. 437, 265 S. E. (2d) 254 (1980). An abuse of discretion can arise when either an order based on factual conclusion is without evidentiary support or the judge issuing an order was controlled by an error of law. *Ledford v. Pennsylvania Life Ins. Co., supra; Rochester v. Holiday Magic, Inc.*, 253 S. C. 147, 169 S. E. (2d) 387 (1969). The burden always rests upon the appellant to show an abuse of discretion [*Baggett v. Strickland*, 158 S. C. 60, 155 S. E. 237 (1930)]; and in determining whether an abuse of discretion occurred, the case must be considered in the light of its underlying circumstances. *Rochester v. Holiday Magic, Inc., supra; Brown v. Weathers*, 251 S. C. 67, 160 S. E. (2d) 133 (1968).

With respect to the question of excusable neglect, Tesauro argues that the trial judge's finding that paragraph seven of his affidavit was contradicted by the proofs of service was unsupported by the evidence. He further argues that it is evident from a reading of paragraph six of the affidavit that he "admitt[ed] the receipt of the Summons and Complaint [but] state[ed] that he [did] not remember if he signed the certified envelope for the complaint." Moreover, he argues that such contention is not inconsistent with the language of paragraph seven of his affidavit which state that he "discovered" the complaint after his wife's death.[2]

The problem here involved is basically one of credibility which normally should be resolved at the trial level. *Evans v.*

---

[2] Tesauro apparently equates the word "discover" with the act of "again coming upon" the complaint.

*Fiat-Roosevelt Motors, Inc.*, 266 S. C. 163, 222 S. E. (2d) 282 (1976).

Although we sympathize with Tesauro, we too are ■ unable to reconcile his affidavit with the proofs of service. Even if we were to accept his explanation of how the envelope bearing the complaint may have been misplaced and later found after his wife's death, he does not explain (as was his burden) how the acceptance of service, which presumably accompanied the summons and complaint, got out of the certified envelope, was signed by him and returned to Marr's attorney. His failure to explain the circumstances surrounding the signing of the acceptance of service, especially in view of his other explanations, constitutes a basis for denying his motion. *Cassady v. Meares*, 266 S. C. 352, 223 S. E. (2d) 191 (1976). We cannot then say that there is no evidentiary support for the trial judge's ruling. *Thompson v. Wilder*, 272 S. C. 563, 253 S. E. (2d) 108 (1979).

Having found that the trial court did not abuse its ■ discretion in failing to find excusable neglect, we need not consider whether Tesauro had a meritorious defense. *McInerny v. Toler*, 260 S. C. 382, 196 S. E. (2d) 122 (1973); *Pruitte v. Burns*, 212 S. C. 325, 47 S. E. (2d) 785 (1948); *Davis v. Lunceford*, 279 S. C. 503, 309 S. E. (2d) 791 (S. C. App. 1983).

Accordingly, the order of the trial court is

Affirmed.

SANDERS, C. J., and GARDNER, J., concur.