0610

GRAYBAR ELECTRIC COMPANY, INC., Appellant, v. Lilly RICE and Tony Rice, Individually and d/b/a Congaree Electric Company, of whom Lilly Rice is Respondent.

(339 S. E. (2d) 883)

Court of Appeals

*Robert C. Elliott*, of The Elliot Law Firm, Columbia, *for appellant.*

*Jonathan P. Hendrix*, of *Hendrix & Steigner*, Lexington, *for respondent.*

Heard Nov. 14, 1985.

Decided Jan. 20, 1986.

SHAW, Judge:

This is an action to vacate a default judgment. Appellant Graybar Electric Company, Inc. sued respondent Lilly Rice and her husband, Tony Rice, individually and doing business as Congaree Electric Company to collect a debt for merchandise allegedly charged by the Rices. Graybar was granted a default judgment against the Rices and Lilly moved to vacate the judgment against her. The trial court granted the motion and Graybar appeals. We affirm.

The propriety of the service of process, under S. C. Code Ann. § 15-9-520 (1976), is not at issue in this action. It was conceded at oral arguments Graybar did everything required by law to properly serve its summons and complaint. The Rices' son, Tommy, was served at the Rices' home. Tommy delivered the summons and complaint to Tony, his father. Tony did not contest the action and failed to inform his wife of the suit. Thus, Lilly seeks relief from the default judgment based on her lack of actual knowledge of the action instituted against her.

The trial judge granted Lilly relief finding she lacked actual knowledge of the service of process and, thus, failed to answer due to "... a mistake, inadvertence, surprise, and/or excusable neglect." Based on testimony that Lilly had no business relationship with Congaree Electric Company, her husband's business, the trial judge found she had a meritorious defense to the underlying action.

Graybar appeals claiming the trial court erred in vacating the default judgment. A trial court may "... relieve a party from a judgment ... taken against him through his mistake, inadvertence, surprise, or excusable neglect...." S. C. Code Ann. § 15-27-130 (1976).

Relief from a default judgment is a matter solely within the sound discretion of the trial judge. *Marr v. Tesauro*, 283 S. C. 333, 322 S. E. (2d) 685 (Ct. App. 1984). This discretion should be exercised "in the same liberal spirit in which [Section 15-27-130] was designed — in furtherance of justice and in order that cases may be tried and disposed of upon their merits." *Marr*, 322 S. E. (2d) at 686 (quoting *Gaskins v. California Ins. Co.*, 195 S. C. 376, 379-80, 11 S. E. (2d) 436 (1940) ). This court has no power to substitute its own judgment for that of the trial court and we will not disturb the trial court's ruling without a clear showing it abused its discretion. *Marr*, 322 S. E. (2d) at 686. We find no abuse of discretion and hold the trial court properly vacated the default judgment.

Finally, an evidentiary hearing on Rice's motion to vacate was scheduled for July 14, 1983. Lilly was granted a continuance for cause to the next day and the hearing was held on July 15, 1983. Graybar contends this was error because it alleges good cause was not shown. The grant or denial of a continuance is also within the sound discretion of the trial judge and will not be disturbed absent an abuse of discretion. *Varat v. Bryant*, 284 S. C. 289, 325 S. E. (2d) 707 (Ct. App. 1985). The court granted the one day continuance after Rice's attorney explained he had been unable to reach Rice at her new address to inform her of the hearing date in spite of substantial effort to do so. Under the circumstances we find no abuse of discretion.

Affirmed.

SANDERS, C. J., and BELL, J., concur.