439 S.E.2d 852 (1994)
Steven W. HAMM, Consumer Advocate for the State of South Carolina, Appellant,
v.
SOUTH CAROLINA PUBLIC SERVICE COMMISSION and South Carolina Electric and Gas Company, Respondents.
No. 23991.
Supreme Court of South Carolina.
Heard October 6, 1993.
Decided January 17, 1994.
Rehearing Denied February 16, 1994.
Steven W. Hamm and Nancy Vaughn Coombs, both of South Carolina Dept. of Consumer Affairs, Columbia, for appellant.
*853 F. David Butler, Columbia, for respondent South Carolina Public Service Com'n.
Robert T. Bockman and Elizabeth F. Mallin, of the McNair Law Firm, Columbia, for respondent South Carolina Elec. and Gas Co.
TOAL, Justice:
The Appellant ("Consumer Advocate") appeals an order from the circuit court affirming two orders of the Public Service Commission ("Commission"). We affirm.

FACTS
The Commission conducts a semi-annual review of the fuel purchasing practices of South Carolina Electric & Gas Company, Inc. ("SCE & G"). This review is mandated by S.C.Code Ann. § 58-27-865 (Supp.1992) to determine the reasonableness of SCE & G's fuel purchasing practices. The Consumer Advocate intervened and became a party in the 1989 proceedings.
Thereafter, the Consumer Advocate served interrogatories on SCE & G. The interrogatories, among other things, requested the production of SCE & G's coal purchasing contracts and their coal transportation contracts.
SCE & G objected to the production of the contracts on the ground that publication of the contracts would impair its negotiating position in the future with coal vendors and transportation service providers. The Consumer Advocate filed a motion to compel, and SCE & G responded with a motion for a protective order.
SCE & G's motion for a protective order did not seek to prohibit the Consumer Advocate from viewing the documents. Rather, SCE & G sought to prevent the documents from becoming public.
The Commission denied the Consumer Advocate's motion to compel. SCE & G, however, agreed to release the contracts to the Consumer Advocate provided the Consumer Advocate sign a confidentiality agreement preventing the public disclosure of the contracts. The Consumer Advocate filed a notice of appeal and moved for a continuance of the rate hearing pending the appeal of the Commission's discovery order. The Commission denied the Consumer Advocate's motion for a continuance, and the Consumer Advocate appealed.
The circuit court found the Commission did not abuse its discretion in denying both motions. The Consumer Advocate appeals to this Court.

LAW/ANALYSIS
We must decide whether the Commission abused its discretion in proceeding with the hearing while the discovery order was on appeal, and whether the Commission abused its discretion in granting SCE & G's motion for a protective order.
"The granting or denial of a continuance is within the sound discretion of the trial judge and is reviewable on appeal only when an abuse of discretion appears from the record." South Carolina Dept. of Social Serv. v. Broome, 307 S.C. 48, 413 S.E.2d 835 (1992). The Commission, as an administrative law tribunal, has similar discretion.
The Consumer Advocate based his motion for a continuance on the fact that the appeal of the Commission's prior discovery order was pending before the circuit court. Discovery orders, however, are interlocutory and are not immediately appealable. Ex parte Whetstone, 289 S.C. 580, 347 S.E.2d 881 (1986). Thus, we find no abuse of discretion by the Commission in refusing to grant a continuance where the basis for the motion was the unresolved appeal of an order not yet ripe for appeal.
Once the Commission issued its final order on the merits, the discovery order became appealable. The Consumer Advocate claims that SCE & G's assertions that its future negotiating position with coal suppliers and transporters would be hampered if its contracts were made public is not supported by the record. Under these facts, we disagree.
Rule 26, SCRCP, allows broad pre-trial discovery. "The Rules do not differentiate between information that is private or intimate and that to which no privacy interests attach.... Thus, the Rules often allow extensive intrusion into the affairs of both litigants and third parties." Seattle Times Co. *854 v. Rhinehardt, 467 U.S. 20, 30, 104 S.Ct. 2199, 2206, 81 L.Ed.2d 17, 25 (1984).
When the discovery process threatens to become abusive or to create a particularized harm to a litigant or third party, the Rules allow the trial judge broad latitude in limiting the scope of discovery. See Palmetto Alliance v. South Carolina Pub. Serv. Comm'n, 282 S.C. 430, 434, 319 S.E.2d 695, 698 (1984) (scope and conduct within sound discretion of trial judge). Rule 26, SCRCP, provides "[u]pon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court .. may make any order which justice requires to protect a party or person."
The person requesting protection from the court or commission must initially show good cause by alleging a particularized harm which will result if the challenged discovery is had. 4 JAMES W. MOORE, ET AL., MOORE'S FEDERAL PRACTICE ¶ 26.75 (2nd ed. 1993). The allegations of a particularized harm are usually in the form of a motion, either for a protective order or a return to a motion to compel production. Once the party seeking the protective order has met its burden of showing good cause by alleging a particularized harm, the party seeking the discovery must come forward and show that the information sought "is both relevant and necessary to the case. When both parties meet their burden of proof, the court must weigh the opposing factors." Id. at 26-402.
Here, SCE & G alleged that its future negotiating position with coal producers and coal transports would be impaired if the contracts were made public. Thus, SCE & G met its burden of showing good cause by alleging a particularized harm. The Consumer Advocate also met his burden by alleging that the contracts were relevant and necessary to the Consumer Advocate's case.[1] The Commission then properly weighed each parties' competing interest in the discovery materials and fashioned a remedy which protected SCE & G's confidential contracts from public disclosure while at the same time allowed the Consumer Advocate full access to the information he sought. The Consumer Advocate was prevented only from disseminating the information.
In determining whether an abuse of discretion has occurred in an administrative tribunal's ruling on discovery matters, the reviewing Court also must weigh the competing interests of the parties in the material sought. The circuit court found, and we agree, that "[t]he Commission's decision fully protected the Consumer Advocate's rights to secure access to relevant information in discovery, to seek broader disclosure of information and present admissible evidence in the Commission's hearing. Those decisions likewise protected the bargaining power of SCE & G in its fuel supply and transportation negotiations." Order of The Honorable L. Henry McKeller dated September 18, 1992 (ROA at 7). The Commission's order placed little burden on either party. We, like the circuit court, find no abuse of discretion in the Commission ordering the least restrictive means of protecting the interests of both parties.
Affirmed.
HARWELL, C.J., and CHANDLER, FINNEY and MOORE, JJ., concur.
NOTES
[1] SCE & G admitted that the contracts were relevant.