621 S.E.2d 383

**A & I, INC., Respondent,**

**v.**

**Bobby T. GORE, Edward Edelen and Sun Deck Condominiums Home Owners Associations, Inc., Defendants,**

**Of Whom Bobby T. Gore is the Appellant.**

No. 4032.

Court of Appeals of South Carolina.

Submitted Sept. 1, 2005.

Decided Oct. 17, 2005.

Rehearing Denied Nov. 17, 2005.

Gene McCain Connell, Jr., of Surfside Beach, for Appellant.

Daniel J. MacDonald, of Myrtle Beach, for Respondent.

BEATTY, J.

Bobby Gore appeals the circuit court's decision to affirm the magistrate court verdict in favor of A & I. He argues a new trial should have been granted because the magistrate's return violated statutory mandates, the return was prepared ex parte, and the tapes of the original proceeding were lost. He also argues the circuit court erred in failing to grant a continuance. We affirm.

## FACTS

Gore owned three apartments at the Sun Deck Horizontal Property Regime. The master deed provided that apartment owners were responsible for any problems with interior walls and for maintenance and repairs on appliances and equipment "including any fixtures and/or their connections required to provide water, light, power, telephone, sewage, and sanitary service to his apartment." The deed further provided that the Sun Deck Horizontal Property Regime Homeowners Association ("HOA") was responsible for maintaining and repairing the common elements of the regime, including all plumbing located in the common elements. "Common elements" was defined to include load-bearing walls and pipes.

Gore began experiencing water infiltration problems in his downstairs apartment, Apartment C. He contacted A & I to locate and repair the leak, and A & I subcontracted Four Star Plumbing to perform the work. After Four Star Plumbing employee Steve Beatty cut holes in the wall and ceiling of Apartment C, the source of the water damage to Apartment C was eventually determined to be a leaky washing machine valve in Gore's upstairs apartment, Apartment H. The valve was replaced, and the leaking stopped. Four Star Plumbing also suggested that the washing machine valve in Edward Edelen's adjacent apartment be replaced. Edelen agreed and paid for the repairs. After replacing the valve in Apartment H but prior to patching and repairing the walls and ceiling in Gore's apartments, A & I requested payment from Gore.

Gore refused, believing the damages were to internal water pipes that were part of the common area of the regime. Thus, he believed the repairs were the responsibility of the HOA. Gore refused A & I further access to his apartments to complete the repairs to the ceiling and walls.

A & I eventually brought an action in magistrate court against Gore, Edelen as president of the HOA, and the HOA for the money owed on the repairs. The day of the trial, Gore orally requested a continuance and a jury trial, and the magistrate denied both requests. Several parties testified before the magistrate, including Lenny Green, an estimator for A & I; Rod Tressle, an employee of A & I; Edelen; and Steve Beatty, employee of Four Star Plumbing. Green, Tressle, and Edelen testified that prior to agreeing to perform the work, they were all present at a meeting held by A & I with Gore to establish the terms. According to Green, Tressle, and Edelen, Gore agreed to pay for the work necessary to investigate and repair the leak. Gore attempted to cross-examine Edelen regarding other litigation in which Edelen was involved, but the magistrate refused to allow the questioning.[1] Gore also testified, denying the meeting or the agreement ever took place.

After hearing testimony from the parties, the magistrate determined that Gore made a direct agreement with A & I to pay for the repair costs. Thus, the magistrate found that it was irrelevant if the master deed provided that the particular repairs were something for which the HOA must pay. The magistrate found for A & I and ordered Gore to pay $2,257.74, plus interest and court costs.

Gore filed his notice of appeal to the circuit court, arguing that the magistrate court erred in failing to: (1) grant him a jury trial and a continuance; (2) allow him to cross-examine Edelen regarding past litigation; and (3) hold the HOA responsible for the charges due on the repairs. The magistrate court contacted counsel for A & I and informed him that the tapes of the magistrate court trial could not be transcribed.

---

1. This fact is not found in the magistrate's return and is an issue on appeal. Gore argued before the circuit court that the return failed to note the attempt to cross-examine Edelen. Counsel for A & I did not dispute the fact that the attempt to cross-examine Edelen occurred or the failure of the return to include that fact.

The magistrate court requested that A & I's counsel draft a proposed return. Counsel for A & I drafted a proposed return and submitted it to the magistrate court. The magistrate signed the return and submitted it to the circuit court. Gore's counsel was not contacted by the magistrate court regarding the problems with the tapes, was not asked to submit a proposed return, and was not served with a copy of the return.

A hearing was held before the circuit court on July 21, 2004. Gore's counsel objected that a return had not been filed in the case. Counsel for A & I informed the court that the magistrate court contacted him to prepare a submittal for the return because the tapes of the trial were of such poor quality they could not be transcribed and the magistrate "was going to have to create a return from his notes." Gore's counsel was then provided a copy of the return and given an opportunity to review it prior to arguing the appeal. Gore's counsel argued the return was insufficient because it did not note that the magistrate prohibited Gore from cross-examining Edelen regarding other lawsuits in which he was involved. Gore argued he never made an agreement to pay for the repairs. He also argued the master deed to Sun Deck Condominiums provided that Gore would not be responsible for damage to common areas, Gore should not have been liable to pay A & I even if he had made an agreement otherwise, and the HOA was responsible for the payments.

The circuit court found no abuse of discretion for the magistrate to deny cross-examination of Edelen regarding other lawsuits. The court ruled from the bench that there was adequate testimony to support the magistrate's findings regarding Gore's agreement to be responsible for the repair charges. Finally, the court held that the magistrate did not abuse his discretion in denying Gore's motions for a jury trial and a continuance. The appeal was dismissed, and a form order was signed that day.

On August 24, 2004, Gore filed a notice of appeal from the July 21, 2004 form order. A formal written order outlining the circuit court's decision to affirm was filed August 19, 2004. The notice of appeal does not refer to the formal August 19, 2004 order.

## STANDARD OF REVIEW

 On appeal from the magistrate court, the circuit court may make its own findings of fact. S.C.Code Ann. § 18–7–170 (1985) ("In giving judgment the court may affirm or reverse the judgment of the court below, in whole or in part, as to any or all the parties and for errors of law or fact."). Where the circuit court has affirmed the magistrate court decision, this court looks to whether the circuit court order is "controlled by an error of law or is unsupported by the facts." *Parks v. Characters Night Club,* 345 S.C. 484, 490, 548 S.E.2d 605, 608 (Ct.App.2001). "The Court of Appeals will presume that an affirmance by a Circuit Court of a magistrate's judgment was made upon the merits where the testimony is sufficient to sustain the magistrate's judgment and there are no facts that show the affirmance was influenced by an error of law." *Id.*

## LAW/ANALYSIS

### I. Magistrate's Return

Gore argues the circuit court erred in failing to reverse the magistrate and order a new trial because: (1) the return did not comply with section 18–7–60 of the Code of Laws; (2) it was error for the magistrate to direct A & I's counsel to prepare the return ex parte; and (3) the judgment should have been vacated when the tapes were insufficient. We disagree.

### A. Compliance with S.C.Code Ann. § 18–7–60 (1985)

Gore asserts the magistrate's return failed to comply with section 18–7–60 because the section requires the magistrate, not a party, to prepare and file the return. He argues that public policy requires the magistrate, as an unbiased judicial official, must prepare the return. Because A & I prepared the return, he argues the circuit court should have ordered a new trial.

 In order to evaluate the effect of this section, we must apply statutory construction rules. The words of the statute must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or

expand the statute's operation. *Hitachi Data Sys. Corp. v. Leatherman,* 309 S.C. 174, 178, 420 S.E.2d 843, 846 (1992). If a statute's language is plain, unambiguous, and conveys a clear meaning, "the rules of statutory interpretation are not needed and the court has no right to impose another meaning." *Hodges v. Rainey,* 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000).

When a party appeals to the circuit court from a magistrate court order, the magistrate court "shall thereupon, after ten days and within thirty days after service of the notice of appeal, make a return to the appellate court of the testimony, proceedings and judgment and file it in the appellate court." S.C.Code Ann. § 18–7–60 (1985). If the return is deemed defective, "the appellate court may direct a further or amended return as often as may be necessary and may compel a compliance with its order." S.C.Code Ann. § 18–7–80 (1985); *see Chapman v. Computers, Parts, & Repairs, Inc.,* 334 S.C. 387, 390, 513 S.E.2d 120, 122 (Ct.App.1999) (holding that where the magistrate's return is inadequate, the appropriate remedy is for the circuit court to direct the magistrate to file an amended return instead of remanding for a new trial).

Section 18–7–60 requires the magistrate to "make a return to the appellate court" within a certain time period, but it does not indicate it would be error for the magistrate to seek assistance in drafting the return. Because a plain reading of this section does not forbid the magistrate from seeking assistance where, as here, there were problems with the recording of the trial, we find such consultations do not violate the statute. In this case, there is no question that the magistrate filed a return, and thus, the magistrate complied with the statute.

Further, Gore's only complaint below regarding the sufficiency of the return was the failure to include the magistrate's refusal to allow him to cross-examine Edelen about other litigation. Gore sought to use cross-examination to show that Edelen was not credible. The circuit court found the return was adequate for reviewing Gore's grounds on appeal. The court further found that because cross-examination is a matter within a court's discretion, the magistrate did not err in refusing to allow Gore to cross-examine Edelen about some-

thing not normally allowed for impeachment purposes. We agree with this finding.

Additionally, the circuit court found in the formal order that Edelen's testimony was cumulative to other witnesses regarding Gore's promise to pay for the charges associated with the repairs. Challenging the credibility of Edelen would not change the testimony of the other witnesses regarding Gore's promise. *See Fields v. Reg'l Med. Center Orangeburg,* 363 S.C. 19, 26, 609 S.E.2d 506, 509 (2005) (finding that to warrant reversal based on the admission or exclusion of evidence, the appellant must prove both the error of the ruling and that there was a reasonable probability the jury's verdict was influenced by the evidence or lack thereof). Thus, we agree with the circuit court that Gore can point to no prejudice suffered by the failure to cross-examine Edelen.

Finally, we find that if the circuit court had found the return was deficient, the appropriate remedy would have been for the court to request an amended return from the magistrate, not order a new trial. S.C.Code Ann. § 18–7–80 (1985); *Chapman,* 334 S.C. at 390, 513 S.E.2d at 122. Here, the court found the return was sufficient to allow it to address Gore's issues on appeal. Gore does not appeal this finding. Accordingly, the finding that the return was sufficient is the law of the case. *ML–Lee Acquisition Fund, L.P.,* 327 S.C. at 241, 489 S.E.2d at 472.

Because the magistrate complied with the mandates of section 18–7–60 by filing a return and there was no basis to support ordering a new trial, we find no error with the circuit court's decision to affirm the magistrate court and to deny a new trial.

## B. Ex Parte communications

Gore argues the magistrate erred in allowing A & I's counsel to prepare the return ex parte, and the prejudice he suffered from such a communication mandated a new trial.

Ex parte communications are strongly disfavored. *Bakala v. Bakala,* 352 S.C. 612, 623, 576 S.E.2d 156, 162 (2003). However, "prejudice must be shown to obtain a reversal on this ground." *Id.; see Burgess v. Stern,* 311 S.C. 326, 331, 428 S.E.2d 880, 884 (1993) (finding no prejudice from a judge's ex

parte communication with one party for assistance in drafting a final order where the judge's order was supported by the evidence). "While this Court explicitly condemns ex parte communications, we do not adopt, per se, the view that all orders consequently emanating therefrom in part or in whole are rendered invalid." *Burgess,* 311 S.C. at 331, 428 S.E.2d at 884.

■ Initially, we note that this issue is not preserved for appellate review. Although Gore questioned the validity pursuant to statute of allowing A & I to draft the return, Gore never argued before the circuit court that he was entitled to a new trial due to the ex parte communication. Issues not raised to or ruled upon by the lower court are not preserved for appellate review. *Staubes v. City of Folly Beach,* 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000).

■ In any event, we find Gore did not suffer any prejudice from the ex parte communications. The return was drafted well after the magistrate issued his written order. The return contained much of the same language as found in the order, with the addition of the summaries of testimony. Further, although the return failed to indicate that the magistrate refused to allow cross-examination of Edelen regarding other litigation, Edelen's testimony was merely cumulative to that of other witnesses. Thus, discrediting Edelen would not have affected the outcome of the trial. Gore did not dispute the accuracy of the rest of the return, and he failed to show that he was prejudiced by the ex parte communication.

Although the unfortunate ex parte communication between the magistrate and A & I's counsel is strongly disfavored, we find no prejudice suffered by Gore. Accordingly, the circuit court did not err by not granting a new trial and by affirming the magistrate court.

## C. Lost tapes

Citing *McKinley Music v. Glymph,* 100 S.C. 200, 84 S.E. 715 (1915), Gore argues the circuit court erred in failing to grant him a new trial because the tapes of the magistrate court proceeding were lost. He argues that because the magistrate does not have records to make an amended return, the circuit court should have granted a new trial.

█ In *McKinley Music*, the magistrate court found in favor of the defendant, and the plaintiff appealed the verdict to the circuit court. The circuit court reversed, ordering a new trial because the defendant's testimony "was not fully taken down." *McKinley*, 100 S.C. at 202, 84 S.E. at 716. The supreme court affirmed, finding that an "amended or further return by the magistrate would not have been effective to supply testimony which had not been 'taken down.' " *Id.*

We find *McKinley* does not apply in the present case. The circuit court held the return was sufficient to address the issues Gore raised on appeal. Gore does not appeal that finding, and, as previously discussed, it is the law of the case. The return did not leave out any testimony. The only information omitted from the return was the magistrate's decision on questioning. Further, there is no evidence in the record that the magistrate lost the tapes of the proceeding or his notes. The arguments before the circuit court were that the magistrate had his notes and poor quality tapes, but he wanted submissions from counsel to aid him in preparing the return. Accordingly, we find the circuit court did not err in refusing to grant a new trial pursuant to *McKinley*.

## II. Continuance

Gore argues the circuit court erred by requiring him to review the return and argue the case at the hearing despite the fact that the return was never properly served on him. We disagree.

█ This issue is not properly before us. Gore did not request a continuance when he was given a copy of the magistrate's return for the first time at the appellate hearing before the circuit court. Because the lower court was not given the opportunity to consider whether Gore was entitled to a continuance, this issue is not preserved. *Staubes*, 339 S.C. at 412, 529 S.E.2d at 546 (holding issues not raised to and ruled upon by the lower court are not preserved for appellate review).

█ In any event, Gore's argument also fails on the merits. The decision to grant or deny a continuance is a

matter within the lower court's discretion. *Graybar Elec. Co. v. Rice,* 287 S.C. 518, 520, 339 S.E.2d 883, 884 (Ct.App.1986). Absent an abuse of discretion, the court's decision to deny a continuance will not be disturbed on appeal. *Hamm v. South Carolina Pub. Serv. Comm'n,* 312 S.C. 238, 241, 439 S.E.2d 852, 853 (1994).

Nothing in the record indicates that Gore was prejudiced by going forward with his appellate argument before the circuit court. He was given time to review the magistrate's return, and he informed the court that he excepted to the absence of the magistrate's ruling on cross-examination. Despite the return's failure to include a reference to the magistrate's ruling, the circuit court was able to rule upon Gore's complaint on appeal concerning this issue. The court found that because the decision to allow certain questioning was discretionary, there was no error for the magistrate to prohibit Gore's questioning about unrelated litigation. Reviewing these facts, we find no abuse of discretion in the failure to grant a continuance.

## CONCLUSION

We find the magistrate's return complies with section 18–7–60, Gore was not prejudiced by ex parte contact between the magistrate and A & I's counsel, and the circuit court did not err in failing to grant a new trial pursuant to *McKinley* due to problems with the magistrate's tapes. Further, we find no error with the circuit court's failure to grant a continuance.

Accordingly, the circuit court's affirmance of the magistrate court's verdict is

**AFFIRMED.**[2]

GOOLSBY, and SHORT, JJ., concur.

---

**2.** We decide this case without oral argument pursuant to Rule 215, SCACR.