**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Willie A. Rogers and Vennie Rogers, Appellants,

v.

Charles Carr, in his individual and Official Capacity as the Personal Representative of the Estate of Thurman L. Bomar, Deceased, Katherine Christian, and Joyce King, Respondents.

Appellate Case No. 2013-001246

Appeal From Spartanburg County
J. Mark Hayes, II, Circuit Court Judge

Unpublished Opinion No. 2014-UP-172
Submitted March 1, 2014 – Filed April 23, 2014

**AFFIRMED**

Michanna Talley and Michael F. Talley, Sr., both of Greenville, for Appellants.

Charles Preston Edwards, of Charles P. Edwards, Attorney at Law, of Spartanburg, for Respondents.

**PER CURIAM:**  In this will contest, Willie A. Rogers and Vennie Rogers (collectively the Rogerses) appeal a circuit court order affirming the probate court.

On appeal, the Rogerses argue the circuit court erred in finding (1) Thurman Bomar's (Decedent's) signature on his will was not forged; (2) Charles Carr did not commit fraud by filing a petition in the probate court that omitted the Rogerses as intestate heirs to Decedent's estate; and (3) Carr did not commit civil conspiracy by filing a petition in the probate court that omitted the Rogerses as intestate heirs to Decedent's estate. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred in finding Decedent's signature on the will was not forged: *In re Estate of Cumbee*, 333 S.C. 664, 670, 511 S.E.2d 390, 393 (Ct. App. 1999) ("An action to contest a will is an action at law."); *id.* ("If the proceeding in the probate court is in the nature of an action at law, the circuit court and this [c]ourt may not disturb the probate [court]'s findings of fact unless a review of the record discloses there is no evidence to support them."); *Golini v. Bolton*, 326 S.C. 333, 342, 482 S.E.2d 784, 789 (Ct. App. 1997) ("In a law case tried without a jury, questions regarding the credibility and the weight of evidence are exclusively for the trial [court].").

2. As to whether the circuit court erred in finding Carr did not commit fraud: *In re Estate of Cumbee*, 333 S.C. at 670, 511 S.E.2d at 393 ("An action to contest a will is an action at law."); *id.* ("If the proceeding in the probate court is in the nature of an action at law, the circuit court and this [c]ourt may not disturb the probate [court]'s findings of fact unless a review of the record discloses there is no evidence to support them."); *Chewning v. Ford Motor Co.*, 354 S.C. 72, 78, 579 S.E.2d 605, 608 (2003) ("'[F]raud on the court[]' . . . requires a showing that one has acted with an intent to deceive or defraud the court." (quoting *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002))); *id.* at 78-79, 579 S.E.2d at 608-09 ("[W]hen there is no intent to deceive, the fact that misrepresentations were made to a court is not of itself sufficient basis for setting aside a judgment for fraud on the court.").

3. As to whether the circuit court erred in finding Carr did not commit civil conspiracy: *A & I, Inc. v. Gore*, 366 S.C. 233, 242, 621 S.E.2d 383, 387 (Ct. App. 2005) ("Issues not raised to or ruled upon by the [trial] court are not preserved for appellate review.").

**AFFIRMED.**[1]

**FEW, C.J., and SHORT and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.