**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Wendell Cooper, Appellant,

v.

East Coast Granite and Tile Inc., Respondent.

Appellate Case No. 2016-001158

---

Appeal From Greenville County
Letitia H. Verdin, Circuit Court Judge

---

Unpublished Opinion No. 2019-UP-221
Submitted May 1, 2019 – Filed June 26, 2019

---

**AFFIRMED**

---

Wendell Cooper, of Simpsonville, pro se.

Victoria S. Karastanov, of Victoria Law Firm, LLC, of Spartanburg, for Respondent.

---

**PER CURIAM:** Wendell Cooper appeals a circuit court order affirming the magistrate's ruling in favor of East Coast Granite (ECG) regarding a dispute over the installation of granite bathroom fixtures, arguing his contract with ECG was non-binding because he rejected the delivery of nonconforming goods and had the

right to cancel the contract.[1]  We find the circuit court order and the magistrate court order are amply supported by the law and the facts.  Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *A & I, Inc. v. Gore*, 366 S.C. 233, 239, 621 S.E.2d 383, 386 (Ct. App. 2005) ("On appeal from the magistrate court, the circuit court may make its own findings of fact."); *Parks v. Characters Night Club*, 345 S.C. 484, 490, 548 S.E.2d 605, 608 (Ct. App. 2001) ("However, on appeal from a [c]ircuit [c]ourt's affirmance of a magistrate's order, our scope of review is more limited."); *A & I, Inc.*, 366 S.C. at 239, 621 S.E.2d at 386 ("Where the circuit court has affirmed the magistrate court decision, this court looks to whether the circuit court order is 'controlled by an error of law or is unsupported by the facts.'" (quoting *Parks*, 345 S.C. at 490, 548 S.E.2d at 608)).

**AFFIRMED.**[2]

**WILLIAMS, GEATHERS, and HILL, JJ., concur.**

---

[1] In the "statement of issues on appeal" section of his brief to this court, Cooper posed several additional questions; however, he failed to address them in the body of his brief, and they are therefore abandoned.  *See Ellie, Inc. v. Miccichi*, 358 S.C. 78, 99, 594 S.E.2d 485, 496 (Ct. App. 2004) (stating when "an issue is not argued within the body of the brief . . . , it is abandoned on appeal").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.