**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Wendell Cooper, Appellant,

v.

Tom Berry and Kwik Kerb, Defendants,

Of whom Tom Berry is the Respondent.

Appellate Case No. 2016-001159

---

Appeal From Greenville County
Letitia H. Verdin, Circuit Court Judge

---

Unpublished Opinion No. 2019-UP-222
Submitted May 1, 2019 – Filed June 26, 2019

---

**AFFIRMED**

---

Wendell Cooper, of Simpsonville, pro se.

William Brandon Bell, of Greenville, for Respondent.

---

**PER CURIAM:** Wendell Cooper appeals a circuit court order affirming the magistrate's ruling in favor of Tom Berry d/b/a Kwik Kerb related to the installation of concrete edging. On appeal, Cooper argues (1) Kwik Kerb breached express and implied warranties by failing to cure problems with the edging, (2) Kwik Kerb gave false testimony in court, and (3) Kim Berry committed the

unauthorized practice of law by representing Kwik Kerb in a court of record. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether Kwik Kerb breached express and implied warranties by failing to cure problems with Cooper's edging, we conclude the circuit court order and the magistrate court order are well-supported by the facts and the law. *See A & I, Inc. v. Gore*, 366 S.C. 233, 239, 621 S.E.2d 383, 386 (Ct. App. 2005) ("On appeal from the magistrate court, the circuit court may make its own findings of fact."); *Parks v. Characters Night Club*, 345 S.C. 484, 490, 548 S.E.2d 605, 608 (Ct. App. 2001) ("However, on appeal from a [c]ircuit [c]ourt's affirmance of a magistrate's order, our scope of review is more limited."); *A & I, Inc.*, 366 S.C. at 239, 621 S.E.2d at 386 ("Where the circuit court has affirmed the magistrate court decision, this court looks to whether the circuit court order is 'controlled by an error of law or is unsupported by the facts.'" (quoting *Parks*, 345 S.C. at 490, 548 S.E.2d at 608)); *Herring v. Home Depot, Inc.*, 350 S.C. 373, 380, 565 S.E.2d 773, 776 (Ct. App. 2002) ("When goods do not conform to a promise or an affirmation of fact made by a seller, or the goods do not conform to a description, sample, or model, then a seller has breached an express warranty. If the goods are not merchantable, then the seller has breached an implied warranty." (quoting *Griffith v. Latham Motors, Inc.*, 913 P.2d 572, 577 (Idaho 1996))); S.C. Code Ann. § 36-2-314(2) (2003) ("Goods to be merchantable must be at least such as (a) pass without objection in the trade under the contract description; and (b) in the case of fungible goods, are of fair average quality within the description; and (c) are fit for the ordinary purposes for which such goods are used . . . .").

2. As to whether Kwik Kerb gave false testimony in court, we find this issue was abandoned on appeal. *See Bryson v. Bryson*, 378 S.C. 502, 510, 662 S.E.2d 611, 615 (Ct. App. 2008) ("An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority.").

3. As to whether Kim Berry committed the unauthorized practice of law by representing Kwik Kerb in a court of record, we find this issue is unpreserved for appellate review. *See Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("It is well-settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review.").

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**WILLIAMS, GEATHERS, and HILL, JJ., concur.**