**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Troy Wilson, Appellant,

v.

Carolina Custom Painting & Drywall, LLC and Jamie Singleton, Respondents.

Appellate Case No. 2021-000266

———————

Appeal From Charleston County
Jennifer B. McCoy, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-356
Heard September 11, 2025 – Filed October 22, 2025

———————

**AFFIRMED IN PART, REVERSED IN PART**

———————

Joshua Thomas Mangan, of Moncks Corner, and David Alan Nauheim, of Charleston, for Appellant.

Harold Alan Oberman, of Oberman & Oberman, of Charleston, for Respondents.

———————

**PER CURIAM:** This case arose from a dispute regarding unpaid wages brought by Appellant Troy Wilson against Respondents Carolina Custom Painting and Drywall, LLC and Jamie Singleton (collectively, Employer). Wilson appeals the circuit court's order affirming the magistrate court, arguing the magistrate court erred by

failing to award Wilson treble damages and attorney's fees under the Payment of Wages Act (the Act)[1] and by finding for Employer on its counterclaims. We affirm in part and reverse in part.

## I.     Treble Damages and Attorney's Fees

The magistrate court awarded Wilson $432 for unpaid wages under the Act but declined to award treble damages or attorney's fees. The circuit court affirmed, and we affirm the circuit court.

The Act applies to all employees in South Carolina. *See* S.C. § 41-10-20. The Act, however, does not apply to independent contractors. *See Adamson v. Marianne Fabrics, Inc.*, 301 S.C. 204, 206–07, 391 S.E.2d 249, 250 (1990) ("The [Act] governs payment of employee wages whether earned 'on a time, task, piece or commission basis.' It does not, however, embrace the earnings of independent contractors."). The Act provides, "In case of any failure to pay wages due to an employee as required by [the Act,] the employee may recover in a civil action an amount equal to three times the full amount of the unpaid wages, plus costs and reasonable attorney's fees as the court may allow." § 41-10-80(C). Whether to award treble damages is within the trial court's discretion. *See Rice v. Multimedia, Inc.*, 318 S.C. 95, 99–100, 456 S.E.2d 381, 384 (1995). "An award of treble damages and attorney's fees is appropriate only when 'there [i]s no good faith wage dispute' because 'an employer should not be penalized . . . for failure to pay wages upon assertion of a valid defense to payment.'" *Goodwyn v. Shadowstone Media, Inc.*, 408 S.C. 93, 98, 757 S.E.2d 560, 563 (Ct. App. 2014) (alterations in original) (quoting *Rice*, 318 S.C. at 99, 456 S.E.2d at 383). "Thus, the trial court must determine whether 'a bona fide dispute' exists as to an employee's entitlement to wages before awarding treble damages or attorney's fees." *Id.* (quoting *Temple v. Tec-Fab, Inc.*, 381 S.C. 597, 600–01, 675 S.E.2d 414, 415–16 (2009)). Our supreme court has noted the purpose of treble damages under the Act is to punish employers who force employees into the court to litigate unreasonable or bad faith wage disputes, rather than to deter the litigation of reasonable wage disputes. *See Rice*, 318 S.C. at 99, 456 S.E.2d at 383 ("[T]he employer is protected from penalties if there is a good faith dispute over wages allegedly due.").

Here, Employer informed Wilson it would be reducing his paycheck from $18 per hour to $15 per hour after discovering peeling paint on a wall at a jobsite that had not been sanded properly. Wilson claimed he had not been at this jobsite when

---

[1] S.C. Code Ann. §§ 41-10-10 to -100 (2021).

the walls were sanded, but Employer considered him responsible as the supervisor or foreman of the jobsite. Employer considered Wilson to be an independent contractor, and Employer's regular practice was to deduct the cost of defective or damaged work from the responsible worker's paycheck. Wilson chose to resign, and Employer withheld his final paycheck. Wilson filed the present action in small claims court, alleging he was entitled to his unpaid wages as well as treble damages and attorney's fees under the Act.[2] The magistrate court determined there was a bona fide dispute because (1) Employer withheld wages from Wilson because of defective work; (2) the withholding aligned with Employer's written policies and procedures; and (3) Employer had deducted the cost of defective work from Wilson's paycheck in the past without issue.

We hold the circuit court did not err in affirming the magistrate court's finding that Employer withheld wages in good faith because Employer believed at the time it withheld money from Wilson's paycheck that Wilson was an independent contractor to whom the Act does not apply.[3] *See Adamson*, 301 S.C. at 206–07, 391

---

[2] Prior to filing the present action, as required by statute, Wilson filed a claim for unpaid wages with the South Carolina Department of Labor, Licensing and Regulation (LLR) seeking $432 for twenty-four unpaid hours at a rate of $18 per hour. While investigating Wilson's claim, LLR determined that Employer and Wilson had an employer-employee relationship and that Wilson had been mischaracterized as an independent contractor. At the conclusion of its investigation, LLR cited Employer for five violations of section 41-10-30(A) of the Act, including failure to give notice of the normal hours, wages, time of payment, place of payment, and deductions from wages. Additionally, LLR issued Employer a $100 citation for violating section 41-10-40(D) of the Act by failing to pay Wilson on the scheduled pay date. Employer subsequently provided LLR with a copy of a money order payable to Wilson for $432, and LLR found Wilson was paid in full but paid late. Wilson filed the present action months after Employer mailed the money order and three months after LLR completed its investigation. At that point, Wilson had not received the $432. At trial, Singleton (on behalf of Employer) testified he was "persuaded by [LLR's] inquiry" to pay Wilson and was "willing to pay the $432[] in unpaid wages." Employer had sent Wilson the money order via certified mail but made no further effort to pay him. Wilson testified his children probably mishandled his notice of certified mail.

[3] Further, we find it relevant that Employer attempted to pay Wilson his unpaid wages following the LLR investigation. While we acknowledge that Wilson had yet to be paid when he initiated this action, this appears to be by his choice—or at least not because of Employer's actions—given that Employer sent payment to Wilson

S.E.2d at 250 ("The [Act] governs payment of employee wages whether earned 'on a time, task, piece or commission basis.' It does not, however, embrace the earnings of independent contractors."); *Mathis v. Brown & Brown of S.C., Inc.*, 389 S.C. 299, 316, 698 S.E.2d 773, 782 (2010) ("[T]he relevant date for determining whether the employer reasonably withheld wages is the time at which the wages were withheld, i.e., when the employer allegedly violated the Act."); *see Goodwyn*, 408 S.C. at 98, 757 S.E.2d at 563 (noting "this court can take its own view of the facts" when reviewing the award or denial of treble damages (quoting *Ross v. Ligand Pharm., Inc.*, 371 S.C. 464, 471, 639 S.E.2d 460, 464 (Ct. App. 2006))).

Thus, we hold a bona fide dispute existed, and as such, the magistrate court did not abuse its discretion by denying Wilson treble damages and attorney's fees. For this reason, we hold the circuit court did not err in affirming the magistrate court's award of $432 to Wilson for unpaid wages and affirm this award. *See O'Neal v. Intermedical Hosp. of S.C.*, 355 S.C. 499, 509, 585 S.E.2d 526, 531–32 (Ct. App. 2003) ("[A] finding that an employee is entitled to recover unpaid wages is not equivalent to a finding that there existed no bona fide dispute as to the employee's entitlement to those wages."); *id.* at 510, 585 S.E.2d at 532 ("[T]he propriety of treble damages under the Wage Payment Act turns not on whether an employer is successful in defending against a suit for nonpayment of wages[] but whether there existed a bona fide dispute concerning payment of the wages."); *A & I, Inc. v. Gore*, 366 S.C. 233, 239, 621 S.E.2d 383, 386 (Ct. App. 2005) ("Where the circuit court has affirmed the magistrate court decision, this court looks to whether the circuit court order is 'controlled by an error of law or is unsupported by the facts.' (quoting *Parks v. Characters Night Club*, 345 S.C. 484, 490, 548 S.E.2d 605, 608 (Ct. App. 2001))); *Parks*, 345 S.C. at 490, 548 S.E.2d at 608 ("[This court] will presume that an affirmance by a [c]ircuit [c]ourt of a magistrate's judgment was made upon the merits where the testimony is sufficient to sustain the magistrate's judgment and there are no facts that show the affirmance was influenced by an error of law.").

## II. Counterclaims

In response to Wilson's complaint in small claims court, Employer filed an answer and by way of setoff and counterclaims, alleged that Wilson owed Employer

---

via certified mail and Wilson testified his children "probably" mishandled the notice of certified mail. Given these facts, we would hesitate to hold Employer forced Wilson into the court to litigate this wage dispute. *See Rice*, 318 S.C. at 99, 456 S.E.2d at 383.

in excess of $3,800 under a "contractual arrangement" with Employer and by their prior course of dealings. Employer asserted Wilson "was responsible for all materials and labor of any faulty work he performed that was discovered during inspection" and that he performed faulty work on numerous jobs. The magistrate court found Employer's counterclaims were "persuasive and proven" and awarded Employer $3,982, and the circuit court affirmed. We hold the facts do not support the counterclaims and reverse the award. *See Gore*, 366 S.C. at 239, 621 S.E.2d at 386 ("Where the circuit court has affirmed the magistrate court decision, this court looks to whether the circuit court order is 'controlled by an error of law or is unsupported by the facts.'" (quoting *Parks*, 345 S.C. at 490, 548 S.E.2d at 608)).

We hold the record lacks sufficient evidence of a contractual agreement between Wilson and Employer wherein Wilson agreed to be financially liable for defective work. Employer cannot bring a counterclaim against a statutory employee for damages under a breach of contract theory based on an unsigned "policies and procedures document" that expressly applied to independent contractors. The magistrate court found Wilson was an employee, not an independent contractor, and Employer did not challenge this finding. Thus, we hold the circuit court erred in affirming the magistrate court's finding on Employer's counterclaims because the evidence is insufficient to sustain the magistrate court's order, and we reverse on this issue. *See Parks*, 345 S.C. at 490, 548 S.E.2d at 608 ("[This court] will presume that an affirmance by a [c]ircuit [c]ourt of a magistrate's judgment was made upon the merits where the testimony is sufficient to sustain the magistrate's judgment and there are no facts that show the affirmance was influenced by an error of law.").

In sum, we affirm the award of $432 to Wilson for unpaid wages, but we reverse the award of $3,982 to Employer for its counterclaims.

**AFFIRMED IN PART, REVERSED IN PART.**

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**