**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Dennis Gallipeau, Appellant,

v.

DP Marine, Respondent.

Appellate Case No. 2024-001308

Appeal From Lexington County
Walton J. McLeod, IV, Circuit Court Judge

Unpublished Opinion No. 2026-UP-082
Submitted January 2, 2026 – Filed February 25, 2026

**AFFIRMED**

Dennis Gallipeau, of Columbia, pro se.

Edward Cunningham Boggs, of Law Offices of Edward
C. Boggs, PA, of Lexington, for Respondent.

**PER CURIAM:** Dennis Gallipeau appeals the circuit court's order affirming the magistrate court's ruling that DP Marine was entitled to $7,510 in unpaid boat storage fees. On appeal, Gallipeau argues the circuit and magistrate courts erred because DP Marine did not have a valid cause of action, and the statute of

limitations barred DP Marine's claim.[1]  We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err in affirming the magistrate court's finding that DP Marine had a valid cause of action for damages based on Gallipeau's failure to pay the storage fees for his boat.  *See A & I, Inc. v. Gore*, 366 S.C. 233, 239, 621 S.E.2d 383, 386 (Ct. App. 2005) ("Where the circuit court has affirmed the magistrate court decision, [the appellate] court looks to whether the circuit court order is 'controlled by an error of law or is unsupported by the facts.'" (quoting *Parks v. Characters Night Club*, 345 S.C. 484, 490, 548 S.E.2d 605, 608 (Ct. App. 2001))); *Allendale Cnty. Sheriff's Off. v. Two Chess Challenge II*, 361 S.C. 581, 585, 606 S.E.2d 471, 473 ("When there is any evidence, however slight, tending to prove the issues involved, [an appellate court] may not question a magistrate court's findings of fact that were approved by a circuit court on appeal.").  Two witnesses for DP Marine testified in front of the magistrate court that Gallipeau failed to pay storage fees to DP Marine between 2007 and 2023.  Further, we find section 29-15-10 of the South Carolina Code (2007 & Supp. 2025), which outlines the procedure by which a storage company may sell an article at auction, is not at issue in this case.  *See* S.C. Code Ann. § 29-15-10 (A) (Supp. 2025) ("A proprietor, an owner, or an operator of any towing company, storage facility, garage, or repair shop, or any person who repairs or furnishes any material for repairs to an article may sell the article at public auction to the highest bidder if . . . .").

We also hold the issue of whether the statute of limitations barred DP Marine's counterclaim for storage fees is abandoned because Gallipeau failed to provide arguments or supporting authority in support of the issue.  *See First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (holding that when an appellant "fails to provide arguments or supporting authority" he is "deemed to have abandoned th[e] issue"); *Glasscock, Inc. v. U.S. Fid. & Guar. Co.,* 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("South Carolina law clearly states that short, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.").

**AFFIRMED.**[2]

---

[1] We note that because DP Marine did not file a respondent's brief this court may take any action it deems proper.  *See* Rule 208(a)(4), SCACR ("Upon the failure of respondent to timely file a brief, the appellate court may take such action as it deems proper.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**